## Ex Parte Michael Edwin MIETH.

### No. 2–05–360–CR.

Court of Appeals of Texas,
Fort Worth.

July 20, 2006.

Rehearing Overruled Aug. 10, 2006.

Discretionary Review Refused
Nov. 15, 2006.

D. Keith Orsburn, Denton, for appellant.

Bruce Isaacks, Crim. Dist. Atty., Catherine Luft and Darren Ralstin, Asst. Dist. Attys., Denton, Matthew Paul, State Prosecuting Atty., Austin, for appellee.

Panel A: CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

1. *See* Tex.R.App. P. 47.4.

## MEMORANDUM OPINION[1]

LEE ANN DAUPHINOT, Justice.

A jury convicted Appellant Michael Edwin Mieth of felony DWI. He had brought a concealed razor blade into the courtroom. After learning of the guilty verdict but before the punishment phase began, and outside the presence of the jury, he cut himself with the razor blade. A struggle with authorities ensued, during which Appellant bit one of the State's investigators.

During the subsequent punishment phase of the trial, the jury heard evidence about Appellant's criminal history and about the cutting incident. The State proved that Appellant had brought the razor blade from his jail cell and into the courtroom so that he could commit suicide with it if the jury convicted him. He testified that he would rather die than go back to prison for a minimum of twenty-five years. The State argued briefly that the jury should consider Appellant's prior record and the courtroom struggle over the razor blade in assessing punishment. The jury sentenced Appellant to twenty-five years' confinement.

Appellant was subsequently charged by indictment (for the cutting incident) with the offense of possession of a deadly weapon in a penal institution. He filed a pretrial application for writ of habeas corpus, alleging that because the evidence of the cutting had been used in assessing his punishment during the previous trial, the subsequent prosecution of that offense violated his federal and state constitutional rights against double jeopardy. The trial court denied Appellant's requested relief.

On appeal, Appellant argues that the trial court violated his federal and

state constitutional rights against double jeopardy by denying the relief requested in his amended application for writ of habeas corpus. Because we hold that the trial court did not abuse its discretion, we affirm the trial court's order.

■ As Appellant points out, the double jeopardy clause contained in both the state and federal constitutions protects against multiple punishments for the same offense.[2] It seems logical to conclude that when a jury is instructed to consider extraneous offense evidence in determining the appropriate punishment for a defendant in a criminal case, and the jury is also instructed that it must find beyond a reasonable doubt that Appellant is guilty of the offense before being allowed to consider the extraneous offense, the jury is being instructed to punish the defendant for the extraneous act of misconduct. As logical as that position may be, it, unfortunately for Appellant, is not the law. Rather, the courts have explained that the fact finder at punishment needs to have information about the individual defendant, including his criminal background, in order to make an appropriate sentencing decision.[3] The trial court therefore did not abuse its discretion by denying Appellant's requested relief. We overrule Appellant's sole point and affirm the trial court's order.

**2.** U.S. Const. amend. V; Tex. Const. art. I, § 14; *United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989), *rev'd on other grounds by Hudson v. United States*, 522 U.S. 93, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997).

**3.** *Ex parte Broxton*, 888 S.W.2d 23, 28 (Tex. Crim.App.1994), *cert. denied*, 515 U.S. 1145, 115 S.Ct. 2584, 132 L.Ed.2d 833 (1995).